[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10927
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00006-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER DELGESSO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 25, 2019)

Before BRANCH, EDMONDSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Christopher Delgesso appeals his sentence for one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2).  He argues that the district court's 78-month sentence is substantively unreasonable because (1) the court did not give proper weight to his mitigating circumstances and (2) U.S.S.G. § 2G2.2 does not establish a reasonable guideline range based on the sentencing factors under 18 U.S.C. § 3553(a).

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard.  *United States v. Foster*, 878 F.3d 1297, 1304 (11th Cir. 2018).  The party who challenges the sentence bears the burden to show that the sentence is unreasonable in the light of the record and the 18 U.S.C. § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose a sentence sufficient, but not greater than necessary to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *United States. v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (*en banc*); 18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant.  18 U.S.C. § 3553(a)(1).

2

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009). Due deference must be given to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance. *United States v. Hayes*, 762 F.3d 1300, 1307 (11th Cir. 2014). We will only remand for resentencing when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). Nevertheless, a court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Irey*, 612 F.3d at 1189.

In reviewing the reasonableness of a sentence outside the guideline range, we may take the degree of variance into account and consider the extent of a deviation from the guidelines. *Gall v. United States*, 552 U.S. 38, 47 (2007). A major variance should be supported by a more significant justification than a minor variance, and the justification must be sufficiently compelling to support the degree of the variance. *Id.* at 50. There is no "rigid mathematical formula that

3

uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Id.* at 47.

A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum). Although the court need not presume that a sentence within the guideline range is reasonable, we ordinarily expect a sentence within the guideline range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Sentencing judges can rely on what they have learned from similar cases over the years, and they are not required to confine their considerations to empirical studies. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009). Moreover, the district court has discretion to disagree with the Sentencing Guidelines' policies, but is not required to do so. *Dell v. United States*, 710 F.3d 1267, 1279 (11th Cir. 2013) (explaining that a district court has discretion to vary downward based upon its policy disagreement with, for example, the Sentencing Guidelines' treatment of crack and powder cocaine, but is not required to do so.)

Here, the district court was within its discretion to impose a 78-month sentence because it determined that a downward variance was not warranted in the light of the quantity and content of the images and videos Delgesso obtained,

4

which were relevant to the characteristics and seriousness of his offense. *See* 18 U.S.C. § 3553(a)(1), (2)(A); *Langston*, 590 F.3d at 1237. The district court did not abuse its discretion by refusing to adopt Delgesso's policy arguments on perceived defects in § 2G2.2. *See Dell*, 710 F.3d at 1279; *Shaw*, 560 F.3d at 1238.

Accordingly, we affirm.

**AFFIRMED.**